IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ITRON, INC**                                                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:15cv330-TSL-RHW**

**STEPHEN D. JOHNSTON,** *et al.*                                                **DEFENDANTS**

## ORDER

Before the Court is [154] Defendants' May 18, 2017 motion to compel Itron to produce documents regarding the merits of Consert's claims or Itron's defenses and any proposed settlement of the Consert litigation, relating to the SmartSynch Merger, the Consert Agreement and/or the Consert Litigation, or Itron's decision to settle that litigation. Itron offers a variety of objections to the discovery requests,[1] and as to each request, Defendants claim that, "Itron has waived the protections for the legal advice it received regarding the settlement by placing the reasonableness and compulsory nature of the settlement squarely at issue in this case."

In the present lawsuit, Itron alleges negligent misrepresentations by Johnston, Habbu and Kessler, all former SmartSynch officers/employees, led Itron to close a merger agreement with SmartSynch and thereby unwittingly become obligated under a contract executed between SmartSynch and Consert a week before the SmartSynch-Itron Merger closed. After Consert presented Itron with a $3 million invoice for a first payment under the SmartSynch-Consert contract, Itron, as successor in interest to SmartSynch, sued Consert in Delaware Chancery Court in January 2013 seeking declaratory judgment that the SmartSynch-Consert contract was void and unenforceable, and should be rescinded or reformed. Consert countersued Itron for money

---

[1]The requests for production at issue are Habbu's Request No. 1, Johnston's Requests No. 6, 22, 23, and 24, and Kessler's Request No. 13. The objections include overbreadth, vagueness, ambiguity, disproportionality to the needs of the case, attorney-client privilege and protected work-product.

damages for breach of contract. Itron paid to settle the Consert Litigation in February 2015, and now seeks to recover from the former SmartSynch employees Itron's losses due to the Consert Litigation/settlement.

There appears to be no dispute that whether Itron's settlement with Consert was reasonable and done under compulsion is relevant to the proceedings in the present case. Indeed, Itron has conceded in prior pleadings that, in order to recover from Johnston, Habbu and Kessler, it (Itron) "will have to prove the reasonableness of its settlement decision." [57, p. 21] However, Itron claims documents related to the Consert Litigation and its settlement are privileged as attorney-client communications or protected work product, although Defendants assert Itron has provided no privilege log with respect to the withheld documents. After careful review of this matter, the Court finds that since Itron seeks in the present lawsuit to recover its Consert Litigation losses from Defendants, the law in this Circuit will not permit Itron to withhold under claim of privilege the documents regarding the Consert Litigation. The Court finds such documents fall within the FED.R.CIV.P. 26(b)(1) scope of discovery, are relevant to claims/defenses in the present litigation, proportional to the needs of the case, important to the resolution of the issues in this lawsuit, and uniquely within the control of Itron.

> The attorney-client privilege "was intended as a shield, not a sword." *Conkling v. Turner,* 883 F.2d 431, 434 (5th Cir.1989) (quoting *Pitney–Bowes, Inc. v. Mestre,* 86 F.R.D. 444, 446 (S.D.Fla.1980)). "[W]hen confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege." *Conkling,* 883 F.2d at 434 (quoting *United States v. Mierzwicki,* 500 F.Supp. 1331, 1335 (D.Md.1980)). The privilege is waived when a litigant "place[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party." *Conkling,* 883 F.2d at 434 (quoting *Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D.Wash.1975)).

***

> ... materials protected by the work-product doctrine "may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

*BancInsure, Inc. v. Peoples Bank of the S.*, No. 3:11CV78 TSL MTP, 2012 WL 139208, at *2-3 (S.D. Miss. Jan. 18, 2012); see also, *Liberty Mutual Insurance Co. v. Tedford*, 644 F.Supp.2d 753, 756-57 (N.D. Miss. 2009) ("the attorney-client privilege is waived when a litigant 'places information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'"). In light of this authority, still favorably citing *Hearn*, the Court rejects Itron's argument that *Hearn* has been discredited and is no longer applicable in this jurisdiction. The Court also points out that, contrary to Itron's argument, the present motion is not simply a rehash of a prior motion to compel which the Court denied due to its being premised on an erroneous understanding of the present lawsuit as one for indemnity. The Court's former order [44] did not reach the issue of whether filing an indemnity action waives privilege. The above findings apply to all the discovery requests at issue in the present motion.

Habbu's Request No. 1 seeks documents "regarding the merits of Consert's claims or Itron's defenses thereto, and any proposed or actual settlement of the lawsuit." The Court is unpersuaded that this request is ambiguous, vague, over broad or disproportional to the needs of the present litigation, and finds, in accordance with the above authority, that privilege no longer protects the documents from discovery.

Johnston's Request No. 6 seeks documents, communications, etc., regarding or relating to the Merger, the Consert Agreement and/or the Consert Litigation. The Court finds merit in Itron's objection to producing documents relating to its in-house documentation/communications

relating to the Merger, and agrees with Itron that this lawsuit concerns the Consert Agreement and SmartSynch's relationship with Consert, and no party has raised any issue with respect to waiver of privilege as to the Merger itself.  The Court will therefore grant the motion to compel on this request only as to the Consert Agreement and Litigation, and deny it as to Itron's documents or communications regarding the Merger.  Johnston's requests No. 22 and 23 seek documents "regarding or relating to the decision to settle the Consert Litigation," or "regarding, relating to, or evidencing that the decision to settle the Consert Litigation either 'was compelled by the desire to limit [Itron's] liability,' or that the 'amount paid [to settle the Consert Litigation] was reasonable.'"  The Court finds Itron's objections that these requests are over broad, protected by privilege, and disproportional to the needs of the case are not well-taken, and will grant the motion to compel as to Requests 22 and 23.  Based on the same reasoning, the Court will grant the motion as to Johnston's Request No. 24 for documents, communications, etc., "regarding or relating to the decision to settle the Consert Litigation," and Kessler's Request No. 13 for documents and correspondence "involving Itron Counsel, which relate to Itron's decision to settle the Consert Litigation."   It is therefore,

**ORDERED AND ADJUDGED** that Defendants' motion to compel is granted in part and denied in part as set forth in this order.

**SO ORDERED** this the 30th day of June, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE