IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| ITRON, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN D. JOHNSTON, AJIT HABBU, and GARY KESSLER, <br><br> Defendants. | Civil Action 3:15-cv-00330-TSL-RHW <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF ITRON, INC.'S OBJECTIONS TO MAGISTRATE'S
ORDER [DKT. 202] GRANTING IN-PART DEFENDANTS' MOTION TO COMPEL**

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule 72(a)(1)(A), Plaintiff Itron, Inc. ("Itron") files the following Objections to the Magistrate Walker's Order [Dkt. 202] granting in-part Defendants' Joint Motion to Compel (herein the "Magistrate's Order").

**SUMMARY OF OBJECTIONS**

Itron and its counsel were completely surprised that the Court considered and ruled upon Itron's proportionality and other non-privilege objections to the requests for production at issue. Itron's overbreadth and proportionality objections have never been discussed among counsel in any "good faith" conference on discovery disputes. Defendants did not move to overrule the objections in their Joint Motion to Compel, and did not mention these objections in their briefing. Itron did not offer evidence or argument in support of the proportionality factors that the Court and parties collectively are required to consider under the recently-amended federal discovery rules. *See* Fed. R. Civ. P. 26(b)(1).

In responding to the discovery requests at-issue, Itron followed the new document

1

discovery procedures in both letter and spirit by providing specific discovery objections, faithfully complying with portions of the requests that are not objectionable, being transparent about what Itron gathered and produced, and acknowledging categories of documents that Itron did not intend to gather or produce. Defendants have never suggested that they were moving to overrule Itron's proportionality objections. Itron had no reason to offer evidence or argument to support these objections. Itron appreciates that the Magistrate's Order acknowledged and sustained some of Itron's objections; and Itron respectfully suggests Magistrate Walker may not have appreciated the nature and significance of the overruled objections without the benefit of evidence and legal argument from the parties.

On the privilege waiver issue, the Magistrate's Order is a substantial departure from the Court's previous ruling on these very same issues, which sustained Itron's privilege objections following *in camera* review of the most relevant documents. Itron's expert prepared for his testimony without reviewing any privileged documents or receiving any privileged information, under the assumption that the Court had sustained Itron's privilege claims and the documents would not be produced in this litigation. Yet the Court (like Defendants in their briefs) did not identify any change in facts or circumstances to justify a different ruling. The Magistrate's Order acknowledged that Defendants have made new arguments in their second motion to compel. But these new arguments – that Itron pled a claim for negligent misrepresentation and is claiming damages related to the Consert Litigation - were readily apparent during the prior briefing. Itron pled claims for negligent misrepresentation and sought these damages in its Original Complaint. The Defendants asserted their defenses (that the Consert Litigation settlement was "unreasonable" and "voluntary") in their original answers. Nothing has changed since then.

In addition, the Magistrate's Order makes new law on the privilege waiver issue, finding that Itron's mere assertion of claims for negligent misrepresentation has caused a waiver of

privileges. As Itron pointed out in its response brief, no court has ever found that assertion of negligent misrepresentation claims of any kind resulted in an implied privilege waiver. The Court should be cautious in applying a broad version of the discredited *Hearn* standard to find waiver of privilege from the mere fact that privileged documents are relevant to a disputed issue. Itron respectfully requests the Court reconsider the Magistrate's Order and reexamine the on-point language from the Mississippi Supreme Court cases cited in Itron's response brief (and not cited in the Magistrate's Order), because the Court is obligated to apply the legal standards from Mississippi state law on the issue of waiver for the attorney-client privilege. Those cases, and also the more recent federal cases not cited in the Magistrate's Order, indicate that neither Mississippi nor Fifth Circuit federal courts follow the *Hearn* standard for privilege waiver, certainly not the broad version of *Hearn* applied by the Magistrate's Order to find a privilege waiver by Itron's mere filing of this case.

### ITRON'S OBJECTIONS TO MAGISTRATE'S ORDER

Itron respectfully objects to the Magistrate's Order for at least the following reasons:

1.     The Court's Order, *sua sponte*, considered and (mostly) overruled Itron's overbreadth and proportionality objections to the discovery requests at-issue, when those objections had not been challenged by Defendants in their motion. By doing so, Itron was deprived of basic due process notice that these objections were at issue in the motion to compel. Itron therefore was deprived of an opportunity to submit proof in support of these objections, and denied an opportunity to present argument to the Court in its briefs. If the Court intends to rule on Itron's objections and fashion an appropriate order that reflects the proportionality considerations stated in Rule 26(b)(1), Itron requests the Court vacate the Magistrate's Order and require Defendants to file a proper motion challenging Itron's proportionality objections; and Defendants should be required to meaningfully confer with Itron on the proportionality

3

considerations prior to filing the motion. *See, e.g.* Dkt. 135-7 (letter from Mr. Puckett dated April 17, 2017 attempting to confer on proportionality issues and offering a stipulation to balance proportionality concerns); Dkt. 135-8 (email from Mr. Crongeyer dated April 24, 2017 rejecting the stipulation and refusing to agree to "any arbitrary time limitation" regarding Defendants' requests for production of privileged documents). The Magistrate's decision to rule on Itron's proportionality and other non-privilege objections, without providing due process notice to Itron, was clearly erroneous. The portions of the Court's Order that overrule Itron's non-privilege objections should be vacated so the parties may submit evidence and argument on these objections.

      2.     The Court committed clear error when it found that Itron waived attorney-client and work-product privileges merely by asserting claims for negligent misrepresentation to "recover its Consert Litigation losses from Defendants . . . ." Dkt. 202 at 2. As Itron pointed out in its response brief, there is no known case in which a court has ever found an implied privilege waiver from a party's assertion of a negligent misrepresentation claim. *See* Dkt. 160 at 11. The Magistrate's Order cites no authority for the notion that Itron waived its privileges merely by claiming damages related to the Consert Litigation. The Order makes new law without acknowledging that it is doing so, and without stating sufficient reasons to support this novel holding. The Magistrate's Order did not address the legal arguments in Itron's brief that the discredited *Hearn* standard, which essentially finds a privilege waiver any time the privileged information is relevant to the case (as the Court's Order does), is flatly inconsistent with Mississippi law. *See* Dkt. 160 at 6-10. Itron urges the Court to reconsider the Magistrate's Order, and to carefully reconsider the Mississippi Supreme Court's on-point statements in *Jackson Medical Clinic for Women v. Moore*, 836 So. 2d 767 (Miss. 2003) (quoted in Dkt 160 at 7). Apart from merely asserting its legal claims, neither the Magistrate's Order nor Defendants have

identified any way in which Itron has used privileged information as a "sword" in this case because Itron has not done so. If the Magistrate's Order is read as making a factual finding to the contrary, any such finding is clearly erroneous because it is not supported by any evidence.

## ARGUMENT

I. **The Court Must Vacate the Portion of the Magistrate's Order that Overruled Itron's Proportionality and Other Non-Privilege Objections because Defendants Did Not Challenge These Objections in their Motion to Compel.**

Defendants' Joint Motion to Compel Discovery [Dkt. 154] sought to compel Itron to produce additional documents with respect to the following requests for production: Habbu Request No. 1; Johnston Requests No. 6, 22, 23 and 24; and Kessler Request No. 13. *See* Dkt. 154 (Motion to Compel). For each of the disputed requests for production, Itron made privilege objections, and also non-privilege objections based on the vagueness and overbreadth of the requests, and the lack of proportionality of the requests based on the factors identified in Rule 26(b)(1). *See id.*

The 2015 amendments to the federal discovery rules emphasized the limitation of discoverable material to what is proportional and the need for responding parties to make specific objections to make discovery transparent and more efficient for courts and parties.[1] Itron followed the document discovery procedures to the letter when Itron: made specific (not boilerplate) objections; identified the assumptions Itron made in reading vague or ambiguous

---

[1] *See generally* Fed. R. Civ. P. 34, notes of advisory committee on 2015 amendments; John Roberts, *2015 Year-End Report on the Federal Judiciary* 5-7 (Dec. 31, 2015), available at http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf; Johah B. Gelbach & Bruce H. Kobayashi, *The Law and Economics of Proportionality in Discovery*, 50 Ga. L. Rev. 1093 (2016). *See also, Abbott v. Wyo. Cty. Sheriff's Office*, 2017 U.S. Dist. LEXIS 74501, *6-7 (W.D.N.Y. May 16, 2017) (2015 amendments emphasize need for proportionality to increase efficiency); *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. Jan. 11, 2016) (purpose of 2015 amendments is to impose limits on discovery through concept of proportionality); *Trevino v. Caliber Home Loans, Inc. (In re Trevino)*, 564 B.R. 890, 918-919 (Bankr. S.D. Tex. Jan. 12, 2017)  (broad requests for even non-privileged information are disallowed as outside the scope of discoverable information under amended Rule 26).

5

requests; identified specific portions of each request that Itron does not object to as overbroad or lacking proportionality; faithfully complied with the unobjectionable portions of each request; and acknowledged that Itron did not intend to gather, review, or produce documents falling outside the lines that Itron had drawn (and disclosed) based on Itron's overbreadth and proportionality objections. *See* Dkt. 154 at 1-7 (quoting the disputed discovery requests and Itron's objections).

Itron's strict compliance with the rules (and the resulting transparency as to what Itron gathered for production and did not gather) places the burden on Defendants to dispute Itron's discovery objections and seek to have the objections overruled if the parties are unable to resolve any disputes after conferring in good faith. In this case, Defendants have never raised any complaint with Itron's proportionality objections or the scope of documents that Itron chose to gather and review for production in this case, using the criteria Itron transparently disclosed in its written responses and objections to the requests for production. Defendants have never stated any intention to move the Court to overrule Itron's proportionality and other non-privilege objections. These issues have barely been discussed among the parties' counsel at all, apart from Defendants' refusal to agree to temporal limitations on the scope of the requests. Counsel certainly have not had meaningful discussions on the proportionality considerations identified by recently-amended Rule 26(b)(1), or made any effort to reach agreements or creative solutions that would balance the proportionality factors the parties and Court are required to consider in every case.

The fact that the parties have not meaningfully conferred on Itron's proportionality objections is borne out by Defendants' Joint Motion to Compel itself. The Joint Motion to Compel does not move to overrule Itron's proportionality or other non-privilege objections at all. In the motion, with respect to each disputed request for production, Defendants stated their

6

reason for moving to compel as follows:

> **Reason supporting motion**:
>
> Itron has waived the protections for the legal advice it received regarding settlement by placing the reasonableness and compulsory nature of the settlement squarely at issue in this case.

*See* Dkt. 154 (identical statement for each disputed request). The motion to compel provides no indication that Defendants sought to overrule Itron's proportionality objections. Likewise, the entirety of Defendants' supporting brief addressed the privilege waiver issue, with no mention at all of Itron's proportionality or other non-privilege objections. *See* Dkt. 155. As one might expect, Itron's response to the motion to compel was limited to rebutting the arguments Defendants raised in their motion, and thus only addressed the privilege issues. Itron did not address proportionality or other non-privilege objections, and did not offer evidence on the proportionality issue. *See* Dkt. 160. Defendants' reply brief similarly did not mention Itron's non-privilege objections. *See* Dkt. 163.

In response to a proper motion contesting the non-privilege objections, Itron would submit evidence to show the expansive breadth of Defendants' requests, the number (many thousands) of potentially relevant documents that might fall within the requests, the marginal relevance of almost all these documents, the "diminishing returns" involved as the documents become more remote in time from the events that are at issue in this litigation, and the actual cost and burden to Itron of gathering, reviewing, and producing documents in this case. But Itron did not submit such proof in response to Defendants' motion to compel (or make legal arguments on these points), because Defendants' motion to compel *did not raise the issues.*

By addressing and overruling Itron's proportionality objections without the benefit of an evidentiary record or legal arguments from either side, Magistrate Walker may not have contemplated certain unintended consequences of the Order. For example, several of the disputed

7

requests seek all communications and advice from Itron's counsel (in-house and outside counsel) related to Itron's decision to settle the Consert Litigation. That settlement occurred on or about February 2, 2015. But in the discussions among counsel that preceded the filing of Defendants' motion to compel, Defendants' counsel refused to agree to *any* temporal limitation on the scope of their requests. *See* Dkt. 135-7 and Dkt. 135-8. Thus, now that the Court has overruled Itron's proportionality objections on most of the disputed requests, Defendants likely expect Itron to gather documents and communications going back to the filing of the Consert Litigation or even before.[2]

To make matters worse, Johnston requests No. 22 and 23 seek documents and communications involving a long list of people, several of whom are Itron's outside counsel from Gibson Dunn. Although it is unclear (and Itron's vagueness objection was overruled *sua sponte*), Defendants requests could conceivably be read to call for communications and documents involving Itron's outside lawyers that *were never sent to or seen by anyone at Itron*.[3]

---

[2] Defendants professed that they are not interested in receiving every single litigation communication, but given their requests for every communication bearing upon the merits of the Consert Litigation claims or the settlement value of the case, there is no practical way to limit the scope of what is encompassed by their requests when Defendants also refuse to agree to any temporal limitation.

[3] Because Defendants did not move to overrule Itron's non-privilege objections, Itron did not even have notice that such documents were potentially at issue in Defendants' motion to compel – and it is not clear to Itron whether such documents fall within the scope of Defendants' requests, even if the Magistrate's Order overruling Itron's non-privilege objections ultimately stands. If Itron had known that such documents were even potentially at issue in the motion to compel, Itron would have cited cases showing that attorney work-product that is not shared with the Client is essentially never subject to a waiver of privilege. *See, e.g., Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569, 573 (E.D. Tex. Oct. 3, 2006) (holding that "work product that is not communicated to the client is not discoverable" even where party places advice of counsel at issue); *In re EchoStar Communs. Corp.*, 448 F.3d 1294, 1303 (Fed. Cir. May 1, 2006) ("The second category of work product, which is never communicated to the client, is not discoverable. Under Rule 26(b)(3), this so-called 'opinion' work product deserves the highest protection from disclosure."); *Nitinol Med. Techs., Inc. v. AGA Med. Corp.*, 135 F. Supp. 2d 212, 218-219 (D. Mass. Oct. 26, 2000) (holding that work product not conveyed to client is not waived, even by

Itron objected as vague and overbroad for this reason (and Itron does not concede that the requests even call for such information – merely that the requests are ambiguous enough to potentially encompass such documents). If such documents and communications are within the scope of these requests, the number of responsive documents is massively expanded; yet, it is difficult to see how such documents (never shared with Itron) would be relevant to this litigation at all. Even if tangentially relevant, the Federal Rules require the Court to carefully consider the marginal utility of the documents, the "diminishing returns" involved in trying to gather voluminous documents of such marginal relevance, the burdens involved, etc. *See* Fed. R. Civ. P. 26(b)(1).

For these reasons and others, the Court's decision to take up Itron's non-privilege objections *sua sponte*, and to overrule many of those objections without a full evidentiary record or briefing from the parties, makes it difficult for Itron to even discern what is within the scope of Defendants' requests for production or determine what it should do to comply with the Court's order. By receiving evidence and briefing from the parties on these objections, Itron respectfully contends that the Court will either sustain Itron's objections, or else be able to enter an order that will resolve the ambiguities in the scope of the requests and make other appropriate orders to balance the proportionality considerations, as the Court is required to do under Rule 26(b)(1). Itron further respectfully contends that the Court's decision to take up the non-privilege objections *sua sponte* was clearly erroneous in that it deprived Itron of its basic due process rights of notice and an opportunity to present evidence and argument on the issues being decided. The Court should vacate the portions of the Magistrate's Order that overruled Itron's non-

---

advice of counsel defense); *Thorn EMI N. Am., Inc. v. Micron Tech., Inc.*, 837 F. Supp. 616, 622 (D. Del. Nov. 3, 1993) (same).

privilege objections.

## II. The Magistrate's Finding that Itron Waived Its Attorney-Client and Work-Produce Privileges is Clearly Erroneous and Must be Reversed.

The Magistrate's finding that Itron waived its attorney-client privileges and work-product privileges also is clearly erroneous. This finding should be vacated and reversed.

First, the Magistrate's Order applied the wrong legal standard. The *Hearn* standard applied in the Magistrate's Order is inconsistent with the applicable Mississippi law. Using the *Hearn* standard, the Magistrate's Order found that Itron waived its privileges merely because the privileged information is relevant to the subject matter of this case. *See* Dkt. 202 at 2-3. Under the discredited legal standard applied by this Court, *any privilege* will be waived *any time* the information is relevant to a disputed issue. *See* Dkt. 160 at 8-10 (discussing the reasons *Hearn* has been discredited).

The attorney-client and work-product privileges serve vitally important public policy interests. *See, e.g. Jackson Medical Clinic for Women v. Moore,* 836 S.2d 767, 773 (Miss. 2003). The privileges are necessary to protect the attorney-client relationship, and are intrinsic to the proper functioning of the American legal system. Under Mississippi law, these important evidentiary privileges are rarely discarded, and findings of waiver are recognized only in rare and carefully delineated circumstances. *See id.* (stating the limited circumstances under which a privilege waiver may be found under Mississippi law).

The Magistrate's Order, however, failed to cite or consider *any* of the binding authorities from the Mississippi Supreme Court that were cited and discussed in Itron's response to the motion to compel. *See* Dkt 160 at 6-10. In particular, the Court's order does not address *Jackson Med.*, and the legal standards established by the Mississippi Supreme Court for a finding of privilege waiver that are unquestionably applicable here. *See id.* at 7 (quoting and discussing *Jackson Med.*). The Court's Order does not find that Itron in this case has pled reliance on

10

attorney advice as an element of a claim, voluntarily disclosed selective potions of privileged information, or placed the attorney-client *relationship itself* at-issue in this case, as required under *Jackson Med*. The Court should therefore vacate the Magistrate's Order and reconsider the privilege waiver issue under the correct Mississippi legal standards.

Second, Itron objects that the Magistrate's Order does not address most of the arguments Itron made in its response brief. For example, Itron pointed out that the requested information is relevant (if at all) to the *affirmative defenses* raised by the Defendants, and cited cases holding that a claimant's privileges are not waived when a defendant pleads an affirmative defense. *See* Dkt. 160 at 12-13 (citing *Chase Manhattan Bank*). *See also id.* at 13-14 (discussing that these affirmative defenses are assessed from an objective standard, making the requested privileged information irrelevant). The Magistrate's Order also does not address Itron's arguments regarding the applicable legal standards, and the way in which the relevant Mississippi state and federal cases indicate the discredited *Hearn* standard is inapplicable here. *See* Dkt. 160 at 6-10.

Third, the Magistrate's finding that Itron has waived its privileges by using privileged information as a "sword" in this case is both clearly erroneous and not supported by any evidence. The Court's Order never identifies any way in which Itron has actually used privileged information as a sword in this case. The Order does not explain how Itron's mere filing of claims for negligent misrepresentation put the attorney-client *relationship itself* at issue in this lawsuit, or offensively used privileged information. The Magistrate's Order does not consider the Mississippi and other legal authorities holding that attorney privileges are not waived merely because the attorney advice is relevant to the client's state of mind. *See* Dkt. 160 at 8. The Order does not cite authority from any previous case in which the mere filing of a claim for negligent misrepresentation has been deemed to amount to a waiver of privileges. *See id.* at 11 (noting the lack of authority).

11

Apart from the mere filing of this lawsuit, the Magistrate's Order does not identify even one instance of Itron's affirmative disclosure of privileged information, or any way in which Itron has attempted to affirmatively use privileged information to its own advantage in this case. Itron cannot be accused (and the Order does not even suggest) that Itron has selectively produced some privileged information while withholding other privileged information in this case. Itron has not done so.

The Order appears to hold (or at least suggest) that Itron's filing of this lawsuit put at-issue that "reasonableness" or "voluntariness" of Itron's decision to settle the Consert Litigation. *See* Dkt 202 at 2. But the Order does not address the fact (pointed out by Itron and unrebutted by Defendants) that these issues arise only from *affirmative defenses* that have been pled by Defendants, not the elements of Itron's legal claim. *See* Dkt. 160 at 12-14. It is wrong for the Court to suggest, based on a single sentence in a brief filed many months ago, that Itron has somehow admitted that it bears the burden of proof on these issues. *See* Order at 2 ("Itron has conceded in prior pleadings that, in order to recover . . . it (Itron) 'will have to prove the reasonableness of its settlement decision.'"). As Itron explained in its response brief, Itron's previous statement was simply made in recognition that Defendants had raised the reasonableness of settlement issue as an affirmative defense. *See*Dkt. 160 at 10-11. Itron has not made any admission (nor could it) that has the effect of reallocating the burdens of proof that are established by law.[4]

---

[4] It also should be noted that Itron disagrees with the Court's statement that "[t]here appears to be no dispute that whether Itron's settlement with Consert was reasonable and done under compulsion is relevant to the proceedings in the present case." Itron particularly disputes that the "voluntary payment doctrine" has any relevance to this case at all. As Itron pointed out in its opposition to Defendants' summary judgment motion, no Mississippi case has ever recognized the voluntary payment doctrine in a tort case, most courts have expressly refused to do so, and Defendants cited no authority in which any court, anywhere, has applied the voluntary payment doctrine in an action for negligent misrepresentation. *See* Dkt. 57 at 17-21. Itron notes that the Court has denied summary judgment *to Defendants* on their voluntary payment defense. Itron,

12

Itron has made no express or implied waiver of privileges arising from the Consert Litigation. Itron's filing of its negligent misrepresentation claims did not make disclosure of privileged information inevitable, and Itron did not place its attorney client *relationship* at-issue. Itron has made no partial disclosure of privileged information, and it has not used privileged information as a "sword" in any way. The Court should vacate the Magistrate's Order overruling Itron's privilege objections, and reverse the Magistrate's finding that Itron has waived these privileges.

## CONCLUSION

For the foregoing reasons, Itron objects to the Magistrate's Order [Dkt. 202] granting in-part Defendants' Joint Motion to Compel. The Magistrate's Order should be vacated and reversed, and Defendants' Joint Motion to Compel should be denied in its entirety.

---

however, has not moved for summary judgment against this defense, and plans to do so following the close of discovery. Itron will also consider moving for summary judgment against Defendants' "unreasonable settlement" defense, depending on the outcome of further discovery. Thus, Itron does not agree with the Court's statement that "there is no dispute" regarding the relevance of these issues to the case.

Dated: July 13, 2017								Respectfully submitted,


								*/s/ Donald Puckett*
								Donald Puckett *(Pro Hac Vice)*
								John Murphy *(Pro Hac Vice)*
								Clifford Chad Henson *(Pro Hac Vice)*
								**NELSON BUMGARDNER, P.C.**
								3131 West 7th Street, Suite 300
								Fort Worth, TX 76107
								Phone: (817) 377-9111
								*Counsel for Plaintiff Itron, Inc.*

OF COUNSEL:

Donna M. Meehan, MSB No. 100484
Michael D. Simmons, MSB No. 9828
**COSMICH, SIMMONS & BROWN, PLLC**
One Eastover Center
100 Vision Drive, Suite 200 (392 11)
P.O. Box 22626
Jackson, Mississippi 39225-2626
*Counsel for Plaintiff Itron, Inc*

14

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this *Itron Inc.'s Objections to Magistrate's Order [Dkt. 202]* has been filed on the ECF system with delivery to the following:

R. David Kaufman, Esq. (MSB No. 3526)
Joseph Anthony Sclafani, Esq. (MSB No. 99670)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: 601-948-3101
dkaufman@brunini.com
jsclafani@brunini.com

*Counsel for Defendant Stephen D. Johnston*

Michael W. Ulmer (MSB No. 5760)
James J. Crongeyer, Jr. (MSB No. 10536)
WATKINS & EAGER, PLLC
Post Office Box 650
Jackson, MS 39205
Telephone: (601) 965-1900
Facsimile: (601) 965-1901
mulmer@watkinseager.com
jcrongeyer@watkinseager.com

*Counsel for Defendant Ajit Habbu*

O. Stephen Montagnet, III (MS Bar #10049)
MCCRANEY, MONAGNET, QUIN & NOBLE, PLLC
602 Steed Road, Suite 200
Ridgeland, MS 39157
Telephone: (601) 707-5725
smontagnet@mmqnlaw.com

*Counsel for Defendant Gary Kessler*

Dated: July 13, 2017

                                               */s/ Donald Puckett*
                                               Donald Puckett (*Pro Hac Vice*)
                                               **Counsel for Plaintiff Itron, Inc.**